FILED & JUDGMENT ENTERED
David E. Weich

Mar 22 2005

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-50094 |
| ) | Chapter 13 |
| JAMES MATTHEW WAGONER ) | |
| LONIE MARIE TAYLOR WAGONER ) | |
| ) | ORDER TO AVOID NON- |
| SSN: xxx-xx-7910 ) | PURCHASE MONEY LIEN |
| xxx-xx-6891 ) | ON PERSONAL PROPERTY |
| ) | PURSUANT TO 11 U.S.C. 522 |

THIS CAUSE coming on to be heard and being heard by the undersigned United States Bankruptcy Judge, upon the Motion of the above-named Debtor to avoid the non-possessory, non-purchase money lien of **WELLS FARGO FINANCIAL** hereinafter referred to as "the Creditor")(pursuant to 11 U.S.C. 522(f) and Rule 4003(d) of the Federal Rules of Bankruptcy Procedures, and

IT APPEARING to the Court that the Creditor has failed to file a response or other pleading with this Court and that the period for responding to the Motion has expires; and

IT FURTHER APPEARING to the Court that the Creditor obtained a non-possessory, non-purchase money security interest in property in which the Debtor has an interest and which consists of one or more of the items of personal property that are specified in 11 U.S.C. 522(f)(2)(A)-(C); and

IT FURTHER APPEARING to the Court that the personal property to which the lien applies is described as household goods and personal effects; and

IT FURTHER APPEARING to the Court that the value of the Debtor's interest in this personal property is  $2,220.00  ; and

IT FURTHER APPEARING to the Court that the personal property which this lien encumbers is property which the Debtor is entitled to exempt under 11 U.S.C. 522(b) and N.C.G.S. 1C-1601 (a)(4) , and

the amount of this exemption is  $3,500.00 ; and

      IT FURTHER APPEARING to the Court that the existence of this lien impairs this exemption to which the Debtor is entitled under 11 U.S.C. 522(b).

      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, effective upon the entry of the Discharge Order herein, the non-possessory, non-purchase money lien of the Creditor on the personal property of the Debtor described herein is avoided pursuant to 11 U.S.C. 522(f), and the Creditor shall take such steps as are necessary to cancel the aforesaid lien within ten (10) days of the entry of the Discharge Order herein.

      IT IS FURTHER ORDERED that a copy of this Order be served upon the Creditor at the address shown upon the certificate of service which is attached to the Debtor's Motion.

**This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.**     **United States Bankruptcy Court**